relates to Docket Item #4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHEEM BRITTINGHAM,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF CAMDEN, COUNTY OF CAMDEN, CAMDEN POLICE DEPARTMENT, CAMDEN COUNTY PROSECUTOR'S OFFICE, STATE OF NEW JERSEY, OFFICER JOHN KEMP, INVESTIGATOR BRIAN DECOSMO, and JOHN DOE (1-15),<br><br>　　　　　　Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action No. 07-190 (JBS)<br><br>**OPINION** |

APPEARANCES:

Michael Daniel Pomerantz, Esq.
LAW OFFICES OF JOSEPH MARRONE
1525 Locust Street, 12th Floor
Philadelphia, PA 19102
　　Attorney for Plaintiff

Anne Milgram[1]
ATTORNEY GENERAL OF NEW JERSEY
By:　Ellen Hale
　　Deputy Attorney General
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
　　Attorney for Defendant State of New Jersey

**SIMANDLE**, District Judge:

　　This matter comes before the Court upon the motion of

Defendant State of New Jersey ("the State") to dismiss Plaintiff

---

[1] When the State of New Jersey filed this motion, Stuart Rabner was the Attorney General.  Anne Milgram was sworn in as the Attorney General on June 29, 2007.

Raheem Brittingham's ("Plaintiff") claims pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Item No. 4]. The Court has considered the State's submissions in support thereof [Docket Items No. 4, 10] and the Plaintiff's opposition [Docket Item No. 9]. The Court will grant the motion and dismiss Plaintiff's claims against the State[2] because they are barred by the Eleventh Amendment.

## I. BACKGROUND

Plaintiff Raheem Brittingham brings this action, pursuant to 42 U.S.C. § 1983, against the City of Camden, Camden County, the Camden Police Department, the Camden County Prosecutor's Office, the State of New Jersey, Officer John Kemp, Investigator Brian DeCosmo, and unnamed John Doe defendants. [See Docket Item No. 1]. The following factual allegations are taken from the Complaint filed January 12, 2007. [Id.]

Plaintiff alleges that on or about April 8, 2006, Defendants Kemp and DeCosmo forcefully entered a Camden apartment without warning or notice and shot Plaintiff in the shoulder. (Compl. at ¶¶ 11, 22.) He argues the deadly force was excessive, and used willfully, wantonly, and maliciously, without just cause, resulting in grievous bodily harm. (Id. at ¶¶ 17, 19, 22.)

---

[2] This motion does not pertain to defendants City of Camden, County of Camden, Camden Police Department, Camden County Prosecutor's Office, Officer John Kemp, Investigator Brian DeCosmo, or the John Doe defendants. As such, all claims against these defendants remain.

In Counts One and Two of the Complaint, Plaintiff asserts Defendants' action violated his Fourth and Fourteenth Amendment rights.  (Id. at ¶¶ 24, 31.)  Plaintiff charges the John Doe defendants with the same violations in Count Three of the Complaint.  (Id. at ¶ 38.)

Counts Four through Eight of the Complaint include the charges against the State of New Jersey, as well as other Defendants.  Plaintiff asserts that the State of New Jersey maintained a police force and prosecutor's office around the City and County of Camden to ensure public safety and enforce the laws of the State.  (Id. at ¶ 7.)

Counts Four and Five set out the Plaintiff's charges of civil rights violations pursuant to 42 U.S.C. ¶ 1983.  (See id. at ¶¶ 45, 54.)  Plaintiff alleges that the State is liable for actions violating his Fourth and Fourteenth Amendment rights committed by the employees, agents, and servants of the City of Camden, the Camden Police Department, and the Camden County Prosecutor's Office.  (Id. at ¶ 48.)  He argues that the State and municipal Defendants failed to properly hire, train, supervise and discipline their employees, who he asserts acted maliciously and used excessive force.  (Id. at ¶ 57.)

Count Six is a charge of assault and battery, leveled against the State and municipal defendants as well as the police officers and the John Doe defendants.  (Id. at ¶ 64.)  Counts

3

Seven and Eight assert negligence and claim punitive damages against all named Defendants.  (Id. at ¶¶ 71, 76.)

On February 23, 2007, the State filed the instant motion for dismissal for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  [Docket Item No. 4].  On March 3, 2007, Plaintiff filed his opposition, [Docket Item No. 9] to which the State timely replied.  [Docket Item No. 10].

## II. DISCUSSION

### A. The Standard of Review for a 12(b)(6) Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts.  Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991).  Further, the Court must view all allegations in the Complaint in the light most favorable to the Plaintiff.  See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

The question before the Court is not whether Plaintiff will ultimately prevail; rather, it is whether he can prove any set of

facts in support of his claims that would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). Therefore, in deciding a motion to dismiss, a Court should look to the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, Plaintiff's allegations state a legal claim. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

### B. **Plaintiff's Claims Are Barred by the Eleventh Amendment**

The State of the New Jersey argues that the Eleventh Amendment immunizes it from each of the Plaintiff's claims brought in federal court. (State's Br. at 6.) Plaintiff, in opposition, contends the State failed to satisfy the Third Circuit Court of Appeal's three-part test for determining whether a government agency or municipality qualifies for sovereign immunity as an arm of the state. (Pl.'s Opp. Br. at 3.) The Plaintiff's arguments are misdirected; they essentially argue that the State is not the State, but a municipality or another public entity. Therefore, the Court will grant the State's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

The prohibition against naming the State of New Jersey as a Defendant in a suit for damages is found in the Eleventh Amendment, which provides:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Unless sovereign immunity is waived by the state or by federal statute, the Eleventh Amendment bars a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury.  See Edelman v. Jordan, 415 U.S. 651, 663 (1974); Quern v. Jordan, 440 U.S. 332 (1979); Martino v. County of Camden, No. 04-5300, 2005 U.S. Dist. LEXIS 15622, at *17-18 (D.N.J. July 26, 2005).  Sovereign immunity extends to state agencies and departments from suit in federal court, regardless of the type of relief sought.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984); see also Will v. Mich. Dept. of State Police, 491 U.S. 58, 64, 70-71 n. 10 (1989).  Similarly, absent consent by a state, the Eleventh Amendment prohibits federal court suits for money damages against state officers acting in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).

The Supreme Court established that Congress may abrogate states' sovereign immunity pursuant to Section 5 of the

Fourteenth Amendment only if a statute expressly authorizes a private cause of action.  Fitzpatrick v. Bitzer, 427 U.S. 445 (1976).  Section 1983 contains no language that explicitly overrides the Eleventh Amendment, and so the Supreme Court ruled that sovereign immunity protects states from liability under the statute.  Quern, 440 U.S. at 345; Will, 491 U.S. at 71.

Because the Plaintiff seeks damages against the State that would be paid from public funds, and because § 1983 does not impose liability upon a state or state agency, the State of New Jersey is entitled to Eleventh Amendment immunity in this action. The Court must grant the State's motion to dismiss, and all of the Plaintiff's claims against the State are therefore dismissed.[3]

### C. **The State Is Not a "Person" Pursuant to Section 1983**

Even if sovereign immunity did not bar Plaintiff's claims, the Court would dismiss Counts Four and Five because the State is not considered a "person" within the meaning of Section 1983. See Will, 491 U.S. at 64, 70-71.  The Plaintiff appears to bring Counts Six and Seven under a theory of respondeat superior; Section 1983 precludes claims based solely on this theory of

---

[3] As alluded to in Footnote 1 of the State's reply brief, Plaintiff's claim against the State of New Jersey would appear to be proper grounds for a motion for sanctions pursuant to Fed. R. Civ. P. 11(c)(1)(A).  The Court would be willing to consider such a motion if made by the State.  The law as it relates to the State's immunity from § 1983 claims is clear, and reasonable due diligence would have prevented filing against this Defendant. See Fed. R. Civ. P. 11(b)(3).

liability.  Polk County v. Dodson, 454 U.S. 312 (1981).  Count Eight, which claims punitive damages against the State, thus also fails.

In order to be liable under § 1983, a defendant must be a "person."  See 42 U.S.C. 1983 ("any *person* who. . . subjects. . . any citizen. . . to the deprivation of any rights, privileges or immunities secured by the Constitution or its laws. . . shall be liable to the party injured") (emphasis added).  Quern v. Jordan, 440 U.S. at 350, established that states are not liable under § 1983 because they do not fit into the statute's category of "persons."  After analyzing the common meaning of the word "person," as well as its meaning in the context of legislative history, the U.S. Supreme Court concluded the term was not sufficient to override states' sovereign immunity.  Will, 491 U.S. at 66.  Moreover, even in state court, where Eleventh Amendment immunity does not apply, a state may not be sued under § 1983 because it is not a "person" within the meaning of the statute.  See id. at 64.

Although the Plaintiff omits his basis for naming the State in Counts Six and Seven, the assault and battery and negligence claims, respectively, appear to be predicated on a theory of respondeat superior.  (See Compl. at ¶¶ 64, 71.)  Section 1983 will not support claims based solely on this theory of liability.  Polk County, 454 U.S. at 325.  The Third Circuit ruled liability under § 1983 requires an allegation of personal involvement in

8

the alleged wrongful conduct.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Because Plaintiff alleges that the State acted only through its agents, these Counts fail to present a federal claim.

### III. Conclusion

For the reasons discussed above, the State's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) will be granted because Plaintiff can prove no set of facts that could override the State's Eleventh Amendment immunity.  Plaintiff's claims are further barred because the State is not a person within the meaning of § 1983.  Consequently, charges against the State of New Jersey in Counts Four through Eight of the Complaint will be dismissed.  An appropriate Order follows.

**July 9, 2007**                                  **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  U.S. District Judge