IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHEEM BRITTINGHAM, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-190 (JBS) |
| v. | |
| CITY OF CAMDEN, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE,** District Judge:

This matter is before the Court upon Defendants' motion to compel the deposition testimony of four fact witnesses and for an Order holding those witnesses in contempt of Court for their failure to attend depositions for which prior subpoenas had issued [Docket Item 39]. THIS COURT FINDS AS FOLLOWS:

1. This case arises out of an incident in which Plaintiff alleges he was shot by Camden County Prosecutors Office Investigator Brian DeCosmo while Plaintiff was visiting his friend's apartment. Plaintiff alleges that DeCosmo shot him without legal cause in violation of his rights under the Fourth and Fourteenth Amendments.

2. As a result of discovery produced in accordance with a Discovery Order entered on January 11, 2008 [Docket Item 31], Defendants learned of numerous third-party fact witnesses with knowledge of the facts at issue in this lawsuit. Defendants subpoenaed the depositions of nine witnesses and scheduled the

depositions to take place during the weeks of April 28, 2008 and May 5, 2008.  (Kahn Decl. ¶ 10.)

    3.  The witnesses who are the subject of the motion presently under consideration failed to appear at their respective depositions, and did not contact defense counsel to request that the depositions be rescheduled.  (Id. at ¶¶ 4-6.)  Specifically, Bridgette Owens and Nidjha Owens were served with subpoenas on April 23, 2008 ordering them to appear at depositions scheduled for May 6, 2008, (id. at ¶ 4); Troina Moss was served with a subpoena ordering her to appear at a deposition scheduled for May 7, 2008, (id. at ¶ 5); and Jacquetta Hall was served with a subpoena order her to appear at a deposition scheduled for May 7, 2008.  (Id. at ¶ 6.)  None of these witnesses appeared at their respective depositions.  (Id. at ¶¶ 4-6.)

    4.  The Court will enter an Order compelling the four witnesses – Bridgette Owens, Nidjha Owens, Troina Moss, and Jacquetta Hall – to comply with the April 18, 2008 subpoenas, which require that these witnesses appear and testify at depositions for defense counsel.  Under Rule 45(a)(2), F. R. Civ. P., "a subpoena must issue . . . for attendance at a deposition, from the court for the district where the deposition is to be taken."  It is evident from the record on this motion that subpoenas were issued and properly served upon these witnesses,

2

who have, to date, failed to comply with the requirements contained in the subpoenas.

5. The Court will afford these witnesses one final opportunity to comply with the terms of Defendants' subpoenas. See Wright & Miller, Federal Practice & Procedure: Civil 3d § 2465 ("The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance"); see also Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994) ("Before sanctions can be imposed under [F. R. Civ. P. 45(e)], there must be a court order compelling discovery."). If these witnesses fail to comply with the terms of the subpoenas, they risk being found in contempt of this Court's orders, which may require the witnesses to pay the costs and attorney's fees that Defendants have expended as a result of their noncompliance. A contempt order may include a warrant for the arrest of the recalcitrant witness, to be confined until he or she appears at the required deposition and testifies.

6. The Court will accordingly grant Defendants' motion to compel Bridgette Owens, Nidjha Owens, Troina Moss, and Jacquetta Hall to comply with Defendants' subpoenas. The Court will deny without prejudice Defendants' motion to hold these witnesses in contempt. Should the witnesses fail to appear to testify in accordance with the subpoenas, Defendants will be entitled to

renew their motion to hold the witnesses in contempt, including possible confinement of the witness to compel compliance.  The accompanying Order will be entered.


**July 2, 2008**                                       **s/ Jerome B. Simandle**
Date                                                   JEROME B. SIMANDLE
                                                       United States District Judge